The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Thank you. Please be seated. Good morning and welcome to the Fourth Circuit. We're going to have argument in two cases today, but before we get started, I just want to double-check. Judge Traxler, are you on the phone? I am. All right. Then, we didn't want to start without you. I appreciate that. We'll be talking about our first case, United States v. Hamilton. Ms. Gleason. Thank you, Your Honor. If it may please the Court, my name is Kathleen Gleason, and I represent the defendant in this matter, Martin Hamilton. We are here on the question of whether the North Carolina crime of attempted robbery with a dangerous weapon is not categorically a violent crime under the Armed Career Criminal Act. To make that inquiry, the Court employs the categorical analysis, which asks the Court to determine whether the elements of the crime always require the use, attempted use, or threatened use of physical force against the person of another. Was Petitioner here convicted of attempted robbery with a dangerous weapon or of the It was attempted robbery with a dangerous weapon, Your Honor. A Class D felony. And doesn't that statute require the use of force, doesn't it? That's correct, Your Honor. It appears to require the use of force. However, the North Carolina Courts of Appeals, including the highest court, the Supreme Court, have interpreted that statute to require to be essentially two crimes. And one is interpreted to be what we would call regular attempt, sort of a regular incoate crime. And under Apparatio Soria, this court is constrained by the interpretation of the highest court of the state's own statute. And it is a confusing case because there are some, some courts have found that there has to be some, basically it's a foiled robbery where there's an actual encounter. But some of the courts, including the Supreme Court, have found that the elements of the crime are the intent to commit robbery with a dangerous weapon, and then some overact towards that. And in fact, there have been cases in North Carolina where people have been convicted of this crime without ever encountering their intended victim, which certainly shows that you can be convicted of this crime in North Carolina without the use, threatened use, or attempted use of force against a person of another. And under Taylor, Taylor was, the Gorsuch opinion of Taylor came out after the briefing was finished. But under Taylor, it appears to me, Your Honors, that the inquiry ends there, that the question is not, can some people… And what is it in Taylor that causes you to say that the inquiry ends there? Because the question in Taylor wasn't, do most people commit the crime with a threatened use of force or attempted use of force? The question was, is it always required under these elements? Does the prosecutor always have to prove the use, attempted use, or threatened use of physical force against a person of another? And the answer is no, because we have cases where that didn't happen. But Taylor, the statute in Taylor doesn't have the language that we have in the North Carolina statute. Yes, Your Honor. So while I grant you Taylor's relevant and we need to look at it, it doesn't seem it controls because our statutes are different. And I think your argument would then be, well, we got North Carolina cases that talk about the two generic elements, kind of like Taylor talks about the two generic elements. But going from there, it looks like all the cases, at least from the Supreme Court of North Carolina, that use the two generic element articulation of elements as opposed to the three elements that claim threatened or in danger. Anytime all the overt acts, it seems where they really discuss the issue involves something where the gun is drawn or a weapon is used. So true, they sometimes use the two generic elements, but when you look at the overt act, it seems to me the Supreme Court's always talking about one that would qualify as a criminal offense. Your Honor, taking the first question that the Court had about the analogy between Taylor and this case, it is true that the statutes are very different. But the question then becomes, how does the state Supreme Court interpret the statute? And many, some of the Supreme Court cases interpret it to be the same way that the Hobbs Act robbery comes out. So I think that Taylor is actually exactly on point. And to the Court's question of how these cases have played out, I think Taylor addresses exactly that point, in that the question is, must a prosecutor prove the attempted use or threatened use of force? And we know, Your Honor, that in North Carolina, that that is not required because we have at least two cases, Taylor says we don't have to present any, but we have at least two cases where that has not been the case. What are those cases? That is Lawrence, Your Honor, and then Everett is an unpublished Court of Appeals case. And then there's a third case that is a little more complicated, and it's State v. Old Royd. Yes, and I cited that in my reply, and I can give you the cite to that, Your Honor. I'm familiar with Lawrence and Everett. It is North Carolina, it's 271 N.C. App 544, and it is, that's a North Carolina case in 2020. Okay. But the fact, what Taylor, my understanding of Taylor, Your Honor, is that Judge Gorsuch, in his opinion, wrote that the person who is arguing that this is not a crime of violence is not required to show specific cases, that the question just becomes, we look at the elements, do the elements require the proof? If they do not, it is not a violent crime categorically. But that's, I mean, that's what Judge Quattlebaum, I think, is pointing out, that the elements for the crime of conviction here do require the use of force, whereas in Taylor, the statute didn't have that. The statute, Your Honor, is a little muddled. In fact, the legislature... Which one are you talking about? I'm sorry, the North Carolina statute. In fact, in 2017, the statute, the cases interpreting it may be muddled, but the statute is not muddled, at least as I read it. Your Honor, and then the question is, what have the state courts, the high state courts, done with that? Because this court is constrained by those interpretations, and those interpretations say that the attempt is a, sort of, what I would call a regular attempt. Can't we, I understand your point that Taylor, you know, brings into question the extent to which we can, yeah, you have to show another case and some of those things. But isn't it fair for us to look at the state supreme court's interpretation of overt acts to inform whether that generic element really does require an act that would constitute a crime of violence? So, I mean, I'm not using those cases in, let's tally up cases one way and see whether you can do it, but they inform, especially when you have the statute, as Judge Thacker says, having language that, you know, one could pretty strongly argue would qualify as a crime of violence. You've got cases that list that language as an element, and then the ones that don't list that as an element all analyze the overt act as if that threatened or endangerment requirement is there. So, I'm using, I guess I'm suggesting that those cases really tell us what type of overt act is required. Your Honor, the analysis of the overt act is sort of, there are two pieces to it. There's the legal analysis of what is sufficient, what is a substantial step. And then there's what cases have been in front of the courts for the courts to take a look at the facts. And I think that those two things are different. And I think that Taylor does address that the defendant can't be beholden to what the prosecution decides to bring, what the courts look at. But to that point, Your Honor, and I don't want to sidestep it, we do have the two cases of Lawrence and Everett, where the courts have found that those were valid convictions for attempted robbery of the dangerous weapon. And in neither of those cases did the person who was convicted ever encounter the intended victim. And so those cases do exist. Everett is unpublished. In North Carolina, is an unpublished opinion presidential? It is not. So we have Lawrence. Lawrence is the main case, Your Honor. Lawrence is, I think, your best case. And it's an interesting case too, though, because it's really talking about harmless error. But I think you're right, they didn't disturb the conviction. It was a line-and-wait type situation. But there's certainly no discussion about the sufficiency of the evidence like there is in most of the other cases. But I understand your point that that was the conduct and it was affirmed. It's interesting because it really isn't addressing head-on the question we're talking about. Well, and I think, Your Honor, that the question is not the sufficiency of the evidence. The question is, what do the elements require? And in that case, in the Court of Appeals, when they actually addressed the elements, the Court of Appeals called it regular inchoate crime. You're fair. I'm talking more about the Supreme Court. Yes, sir. And I do think, I'm sorry, I didn't mean to interrupt. No, go ahead. That the inquiry really is not about the sufficiency of the evidence, essentially in any case, unless they find that it's not sufficient and then it's sort of informed what is going to meet the elements. The question is, what are the elements? What does the government have to prove? And the sufficiency of the evidence in any individual case is very important to that have cases. And if this court takes the North Carolina court's interpretation of its own statute as what is controlling, we've got the intent to commit the crime and a substantial step. Then the question is, what is a substantial step? And it is possible to commit this crime without using, attempting, or threatening the use of physical force. And if it is possible to prove that crime, the inquiry is ended. What if, imagine the law is this way in North Carolina, that the Supreme Court cases all either expressly require the threatened or actual endangerment of the victim or interpret the overt act to require that. But yet we have a North Carolina court of appeals that has a lying in debate conviction. In other words, that if we view the state's highest court as requiring the threatened endangerment of the victim, and yet we have a undisturbed court of appeals case. In that situation, don't we go with the highest court in a stray court of appeals case? Do you think that stray court of appeals case lets you win, or do we go to the state's highest court? Well, your honor, under that hypothetical. That's correct, your honor. But I think under Aparicio, Soria, and Castillo, and all of their is if they haven't made a decision, then you look further. But I think that that if that were the world we were in, I would agree with the court. Yes, sir. If there are no other questions, I'd yield the balance of my. Judge Traxler, do you have any questions? No, thank you, Judge Packer. All right, thank you. We'll hear from Mr. Principe. You may please the court. My name is Craig Principe. I'm representing the United States in this appeal. The issue of this appeal is whether North Carolina attempted robbery is a violent felony under the force clause of the Armed Career Criminal Act. We ask this court to hold that it is and to affirm the district court's judgment. This court has already decided in an unpublished panel opinion in U.S. v. Hinton this very issue and determined that North Carolina General Statute 14-87A criminalizes attempted armed robbery, that the attempt portion of attempted robbery with a dangerous weapon refers to the taking of property, not the use or threat of force. And although that was decided in a case that involved the definition of crimes of violence and the force clause under the guidelines, this court has also held in several cases, including Covington, that the fourth circuit will apply the categorical approach interchangeably between the force clause of both the guidelines and the Armed Career Criminal Act. We ask this court to follow the reasoning of the Hinton court and to similarly hold that North Carolina attempted armed robbery is a violent felony under the force clause. Additionally, the government has relied heavily What about the North Carolina case that Ms. Gleason brought up, Oldroyd, that was after our Hinton opinion? It was in 2022. Can we listen to what the North Carolina courts say about their own statute? Yeah, I looked back through the reply brief and couldn't find that citation, so I can't speak to that specifically. What about Lawrence? Sure, well, Lawrence is clearly the defendant's best case, and I think the hypothetical that Judge Quattlebaum just referenced hits the nail on the head. I think that is the ultimate issue to be decided as far as the process. The citation is in the opening brief, appellant's opening brief, to Oldroyd, but on pages 15 and 16, so it's in there. Okay, but specifically with regard to Lawrence, I think it is this issue of does the court even go to the intermediate appellate courts, and under this court's precedent regarding what I've referred to in my briefing as the deference principle, this court should not, and so I don't think it's really a hypothetical. I think it's actually the reality of the Supreme Court's opinion in Lawrence. Yeah, pretty plainly that it's really holding about the plain error, harmless error analysis, with respect to the conspiracy charge. Yes, Your Honor, so a couple of things about that Lawrence and North Carolina Supreme Court decision. First of all, they granted discretionary review solely on the issue of the plain error standard in North Carolina, and they were very explicit about this. In the opinion, they said that the Court of Appeals opinion included various other holdings that are not the subject of this appeal and will not be addressed, and then it referenced footnote three, where it listed all the holdings that the Court of Appeals had made. So the discretionary review, they're clearly saying none of those issues, sufficiency of the evidence, is not something we're addressing on this appeal, and so I don't think it's fair to say that the North Carolina Supreme Court necessarily impliedly approved or had not been met because the defendant did not object at the trial level and then raised this complaint afterwards, and what the court ultimately relied on is it said that the trial court properly instructed the jury on attempted armed robbery in North Carolina, and therefore, because they had received those elements of robbery that were missing in the conspiracy charge, there was not plain error because they received those elements in this other instruction. Had the defendant objected at the trial level, maybe that would have turned out differently, but they said it was not plain error under those circumstances, and the reason that that's significant in the government's view is because they're saying that the trial court properly instructed the defendant. Now, I need to inform the court that in preparation for today, there is a I only realized within the last two days. Did you let Ms. Gleason know? I did, Your Honor. Yes, I did, and it's unusual because I went back into both opinions, both Lawrence opinions, looking for where the court cited the actual instruction given by the trial judge and didn't find it. It wasn't in a footnote. It isn't in the opinions, but I did search on the North Carolina Court of Appeals e-filing site and was able to actually get into some of those documents. Now, the record on appeal is available, but it cites, the very last page cites that the transcript is on a disk, so the transcript is not accessible, but the government's brief at the Court of Appeals level block quoted the entire instruction, and what that instruction was is essentially the North Carolina pattern jury instruction, and so if the Supreme Court reviewed the record, as I assume it did, and then used that instruction as a basis to say there was not a plain error issue, then I think we have to assume that it's the pattern instruction that they find sufficiently describes that, and I cited the pattern instruction and referenced it in my brief because it was attached to one of the filings in the district court in this federal case. The fourth element says that the defendant's use or threatened use of the firearm was calculated and designed to bring about the robbery and came so close to bringing it about that in the ordinary and likely course of things the robbery would not have been completed had it not been stopped or thwarted. That is a much higher standard than merely an overt act that is more than mere preparation and yet falls short of the completed crime, so if you look at the Lawrence case where they say, the Court of Appeals case, where they say that lying in wait is a sufficient overt act for I think that's wrong, and the question is, does this court even go to the intermediate appellate court level, and I would argue that you should not because when you look, first of all, we're dealing with elements, not facts, so there's somewhat of an irony here that the district judge, a federal district judge, cannot look to the underlying facts of a defendant's actual conviction of that crime but is then charged with going through dozens and dozens and dozens of state decisions looking at the underlying facts of those cases to try to apply the minimum conduct test, and instead, I think for various different policy reasons, the series of cases Aparicio-Soria, Castillo v. Holder, and the Liberty Mutual Insurance Company v. Triangle Industries lays out some of the policies with regard to how to apply the categorical approach. But I think you're, I think as Gleason would say, that's not what the district, that's not what a district court really should do. You look to the elements in North Carolina law, and there are cases, you know, that list the three elements that really track the statute, the model instruction does, but there's other cases from the Supreme Court that listed as the two generic sort of offenses. And, you know, so she would say, look, you don't, that's all you got to do. You don't like, you know, go, you try to find each case, all the facts to see what's required. That was her response to my question. My question is whether those facts help tell us the over that really requires. Yes, Your Honor. But I believe what this court should do is stay within the realm of the North Carolina Supreme Court, because what you do have is you have several cases that I think definitively explain what the elements of the crime are, even if different formulations have been used. And if not, are there cases, is there any North Carolina Supreme Court case dealing with the sufficiency of the evidence that is upheld lying in wait or some lesser conduct? Or have they all applied it with regard to an attempted taking in which the life of the victim is actually endangered or threatened with a firearm? And I think, you know, what I would point the court to, I think the government's strongest cases are State v. White in 1988, State v. Williams in 1994, which the Hinton Court relied upon, and State v. Lawrence, the North Carolina Supreme Court case for the reason that I mentioned previously with regard to the pattern instruction, and also State v. McDowell in 1991, which says, attempted armed robbery is the unlawful attempted taking of personal property from another by use of a firearm or dangerous weapon. The attempted taking of property. So I think there's many times where the North Carolina Supreme Court has spoken very clearly, directly and authoritatively about what the elements are. And so if the elements are clear, do we even go to the minimum conduct test? Because then we're being asked to look at conduct again, but not the conduct of the defendant's prior conviction, but the conduct of all these other cases, which have been decided by the other courts. And so this court has to ask is, you know, is there a strong policy reason to stay within the state's highest appellate court when they have spoken on this issue? If not, when do we go to those lesser intermediate courts? And then if so, is there even an exception to that? And I'd like to address that if the court will allow me to. So first in Aparicio Soria, this court said that the statutory, to the extent that the statutory definition of the prior offense has been interpreted by the state's highest court, that interpretation constrains our analysis of the elements of state law. Then the court dismissed one of the government's arguments by noting the case was inconsistent with the law as articulated by Maryland's highest appellate court. It also rejected the government's last argument in which the government was asking the fourth circuit to examine whether there is a realistic probability, not a theoretical probability, that Maryland would apply its statute to conduct that falls outside the realm of violent force. But this court said we do not need to hypothesize whether there is a realistic probability that Maryland prosecutors will charge defendants engaged in non-violent offensive contact with the state's highest court has said so. And then the court went on to say either way, it really doesn't matter because the key is elements, not facts. And violent force is simply not an element of resisting arrest in Maryland. And that ends the inquiry. Then if you look to Castillo v. Holder, there the court said to the extent that the statutory definition of the prior offense has been interpreted by the state's appellate courts, that interpretation constrains our analysis of the elements of state law. But then next to appellate courts, it had an asterisk to a footnote. And that footnote says this court has deferred to statutory interpretation by the state's highest courts, citing Apparicio-Soria. However, when the state's highest court has not engaged in such statutory interpretation, a state's intermediate appellate court decisions constitute the next best indicia of what the state law is. So those two cases together seem to suggest that this court should stop if it can determine that North Carolina Supreme Court has addressed the elements of this offense and not go further to start digging around through all the different published or unpublished court of appeals decisions regarding sufficiency of the evidence. But there's a little bit more to the analysis. If the court does say, well, highest appellate court has not addressed these issues, so we're going to start looking at the court of appeals. Even if they find cases, this court is entitled to consider whether the highest appellate court of that state would actually apply the law that way. And this court said that while it may be the next best indicia of what state law is, although such decisions may be disregarded if the federal court is convinced by other persuasive data that the highest court of the state would decide otherwise. So what does other persuasive data mean? Well, there, if you look to Liberty Mutual Insurance Company v. Triangle Industries, it's somewhat explained. And it says in predicting a decision of the state's highest court, we can further consider, among other things, canons of construction, restatements of the law, treatises, recent pronouncements or general rules or policies of the state's highest court, or even the trial courts of that state, if there's good reason to. So those are some factors, but I don't think it's very different to say, you know, as far as canons of construction is to use this court's deference principle to say we're not going into the intermediate appellate case law. And so Lawrence is a published case. It has a holding that I think if this court finds is that if lying in wait is sufficient, I think it undermines the government's case, plain and simple. But the question is, is it was Lawrence correctly decided at the court of appeals level on the sufficiency of the evidence? It seems to contradict what the Supreme Court of North Carolina has said the elements are. And therefore, what should this court do in applying the categorical approach? Does it go beyond the highest court of the state? Okay. And Lawrence was decided in 2012. Were there any cases, North Carolina, the highest court in North Carolina after 2012 that support the government's interpretation? The interpretation of what the elements of the crime are? Right. Or is Lawrence, I guess what I'm asking is, is Lawrence the last word from the highest court in North Carolina? Or has there been something since? Yeah, I can't answer that for sure. Obviously, the North Carolina Supreme Court in Lawrence in 2012 with regard to upholding the instruction that follows the pattern instruction, I think, could be viewed as the last word, but I can't say with absolute certainty. But what I can say is that neither the defendant nor the government could find any case of the North Carolina Supreme Court that upheld the sufficiency of the evidence at any time in a way in which the Court of Appeals in Lawrence did. There's a Murrell case in 2017. Doesn't that list the elements that include threatening and endangering the victim? That is correct, Your Honor. Yes, it is after Lawrence. That case did deal with an armed robbery. And it was addressing the defectiveness of the indictment with regard to an armed robbery case, saying that it must allege a firearm or dangerous weapon was possessed. And because they did allege that, what I think the government tried to do in its indictment was to lay out the mandatory presumption standard. And in doing that, they failed to actually allege that the defendant actually possessed the firearm. They just alleged some language to the effect of like it appeared to the victim that the defendant had a firearm. And they said, you can't do that. You have to allege that they actually possess the firearm. I think the same would hold true for attempted armed robbery in North Carolina based on the elements. But that case is just slightly different for that reason. And because that raises a similar issue, I'd like to also address just the Williams case very briefly. In State v. Williams in 1994, and again, this was the case relied upon by the Hinton panel of this court in reaching its decision on the elements, that case dealt with when does a mandatory presumption apply in a trial for armed robbery or attempted armed robbery. And in deciding that issue, what the court held was that if the defendant uses what appears to the victim to be a firearm, then the jury has to apply a mandatory presumption that the victim's life was threatened or endangered. And if there's any evidence to kind of rebut that, what the victim thought the weapon was, then it would just become a permissive inference and not a mandatory presumption. So for example, if the victim saw what appeared to be a gun, but then the robber is stopped by the police a mile down the road, and it turns out they only had a BB gun that was unloaded, that would undermine it, and then you don't have the mandatory presumption anymore. However, if what the victim observes is what they think is a firearm, but no firearm is ever recovered or seen, or maybe the defendant was holding a hard object in a jacket and it looked like a firearm, then the mandatory presumption would apply. And that court applied in Williams, the mandatory presumption applied both to robbery, completed robbery, armed robbery, and attempted armed robbery. So why is that significant? Because it only matters, the mandatory presumption only matters if attempted armed robbery in North Carolina requires the actual endangerment or the threatened endangerment of the victim. And so by saying the mandatory presumption applies in attempted armed robbery under North Carolina, it's essentially saying that actual endangerment or threatened endangerment is an essential element of the crime. Unless the court has any additional questions. All right. Judge Traxler, do you have anything? No, thank you. All right. Thank you. Thank you. Thank you, your honors. I'd just like to address one issue that the government raised, and that's, and I think it's sort of back to, how does this court interpret what's going on with the state? And the government, I think, correctly stated that this court looks to the elements as determined by the highest state in the court. And as this court knows, the Supreme Court case that was most heavily cited by the elements to be sort of regular in Kuwait crime, the intent to do the thing and then an overact in that direction. And there are other Supreme Court cases that have found those to be the elements. And then the second inquiry is looking at other Supreme Court cases, Court of Appeals cases to sort of inform how do we interpret what, how do we apply those elements Supreme Court has given us? So the elements are what they are. And then the question is, can the government prove that crime any time without showing that the person used, attempted to use or threatened to use force? And as we can see in actual North Carolina cases, even though it seems to me the realistic probability test is gone, but we have actual cases where there have been no encounters with the victim. The person is convicted of the crime and it therefore is not a violent crime. And unless the court has any questions for me, then that's all I have. All right. Thank you very much, both of you, for your arguments. We'll come down Greek Council and go to our next case.
judges: Stephanie D. Thacker, A. Marvin Quattlebaum Jr., William B. Traxler Jr.